DORIS NEWSOME, individually
and as successor-in-interest to
THEODORE HAYWARD, JR., deceased,

     Plaintiff,

   v.

ARNOLD SCHWARZENEGGER; JAMES
E.TILTON; KATHY MENDOZA-POWERS,
(DOE No. 1); ROBIN DEZEMBER;
MEET BOPARAI, M.D.; DR. S.
SURYA, (DOE No. 2); COLONIAL
MEDICAL GROUP, INC., (DOE No.
3); THOMAS C. WEN, M.D., (DOE
No. 4); SARABJIT SINGH, M.D.,
(DOE No. 5); KERN CARDIOLOGY
MEDICAL GROUP, INC.; (DOE No. 6)
AVENAL STATE PRISON HEALTH CARE
MANAGER (DOE No. 7); AVENAL
STATE PRISON CORRECTIONAL HEALTH
CARE SERVICES ADMINISTRATOR,
(DOE No. 8); PETER FARBER-
SZEKRENYI, DR. P.H. (DOE No. 9);
and DOES 10-200.

     Defendants.

No. 2:08-cv-01510-MCE-DAD

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

///

///

///

1

Doris Newsome ("Plaintiff") brings this civil action against several defendants for the death of her son, Theodore Hayward, Jr. ("Hayward"), a former prisoner of Avenal State Prison. The complaint alleges violations of the First, Eighth, and Fourteenth Amendments, as well as violations of state law.

Plaintiff named as Defendants several state officials and employees of the California Department of Corrections and Rehabilitation ("CDCR"), the Division of Correctional Health Care Services ("CHCS"), and Avenal State Prison ("ASP") (collectively "Public Defendants"). Public Defendants have brought a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).[1]

Because Plaintiff also included as Defendants several private doctors alleged to be acting as employees or agents of the Public Defendants (collectively "Private Defendants"), those Private Defendants have concurrently filed their own Rule 12(b)(6) Motion to Dismiss, which is alternatively made as a Motion for a More Definite Statement pursuant to Rule 12(e). Both the Public and Private Defendants' Motions to Dismiss are now before the Court for adjudication.

Plaintiff's Opposition Briefs concede several of the issues raised by Defendants in their Motions, and Plaintiff offers to file an Amended Complaint to adequately address those issues.

///

///

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Accordingly, for that reason, as well as the reasons discussed below, the Motions of Public and Private Defendants will be granted in part and denied in part.[2]

## BACKGROUND

In or around April 2006, while an inmate at ASP, Hayward suffered from a significant cardiac event and was transferred from the prison to Fresno Community Hospital ("FCH"), a hospital operated independently from CDCR and CHCS.[3]  Doctors at FCH allegedly diagnosed Hayward with a significant cardiac condition, which required placement of an "Automatic Implanted Cardiac Defribulator" ("AICD").  Plaintiff alleges that use of an AICD was "medically necessary ... to prevent a significant cardiac incident."  (FAC ¶ 6.)  Accordingly, between April 2006 and October 2006, FCH doctors requested approval from the officers, employees, and/or agents of ASP, CDCR, and CHCS (i.e. Defendants), to provide Hayward with AICD treatment. Plaintiff also alleges that during this time Hayward made direct request to Defendants for placement of an AICD, but that such requests were denied.

///

///

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[3] Unless otherwise noted, this Background section describes the facts as alleged in Plaintiff's First Amended Complaint ("FAC").

On May 19, 2007, Hayward, while still a prisoner at ASP, suffered from a significant cardiac arrhythmia that resulted in his death. Hayward was 38 years old. Plaintiff believes that requests for AICD treatment may have continued throughout this date, but that all such requests were denied.

On September 12, 2007, Plaintiff's attorney filed a tort Claim Form with the California Victim's Compensation and Government Claim Board ("VCGCB"). The Claim Form requested compensation for Hayward's wrongful death, his pain and suffering, the deliberate indifference towards his medical needs, and his future earnings capacity. On or about October 22, 2007, Plaintiff received notice from the VCGCB denying her claim.

Plaintiff then filed suit in this Court, naming as Defendants several officials, employees, and/or agents of ASP, CDCR, and CHCS. These individuals include the following: (1) James Tilton, Acting Secretary of the CDCR; (2) Kathy Mendoza-Powers, Warden of ASP; (3) Meet Boparai, M.D., an attending physician at ASP; (4) Thomas C. Wen, M.D., an employee or agent of Colonial Medical Group, Inc., and an attending physician at ASP; (5) Sarabjit Singh, M.D., an employee or agent of Kern Cardiology Medical Group, Inc., and agent of CDCR and/or ASP; (6) Robin Dezember, an acting Director of the CDCR-CHCS; (7) Peter Farber-Szekrenyi, Dr. P.H., an acting Director of CDCR-CHCS; and several unnamed parties, including DOES 10-200.

Public Defendants have submitted voluminous medical records to the Court, in support of their Motion to Dismiss, in an effort to show that Hayward had not agreed to AICD treatment during his stay at FCH.

4

(Mem. of P. & A. in Supp. of Def.'s Mot. to Dis. 3 [hereinafter Pub. Defs.' Motion].)  Based on those records, Public Defendants assert that ASP medical staff had not been contacted by FCH until May 20, 2006.  They claim that Hayward did not ask to speak with ASP medical staff about his diagnosis at FCH until June 9, 2006. (Pub. Defs.' Motion 4.)  Pointing to alleged discussions with Defendant Boparai during June 2006, Public Defendants claim that Hayward never requested AICD treatment (Pub. Defs.' Motion 4.) They go on to claim that the medical records show that Defendants had conducted medical exams, had evaluated the appropriate treatment for Hayward, including placement of an AICD, and had provided treatment for Hayward's condition based on their opinion as medical professionals.  (Public Defs.' Motion 12.).  The medical records cited to support these propositions comprise some 500 pages spanning a period of time between October 2006 and May 2007.

Private Defendants, in their separately-filed Motion to Dismiss, also dispute the facts as related by Plaintiff and argue that Hayward's treatment did not amount to deliberate indifference.  They point to evidence similar to that offered by Public Defendants and thus construe Defendants' decision to deny placement of an AICD as "merely a difference in medical judgment ...."  (Mem. of P. & A. in Supp. of Defendants 5 [hereinafter Private Defs.' Motion 5.)  In addition, as indicated above, Private Defendants move in the alternative for a more definite statement, claiming that they are unable to ascertain just what is being alleged against them in the FAC.
///

**STANDARD**

## 1.   Motion to Dismiss

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. <u>Id</u>. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///

///

///

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## 2.   Motion for a More Definite Statement

Before interposing a responsive pleading, a defendant may move for a more definitive statement "[i]f a pleading...is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading...."  Fed. R. Civ. P. 12(e). A Rule 12(e) motion is proper when the plaintiff's complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.  Gay-Straight Alliance Network v. Visalia Unified Sch. Dist., 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

Due to the liberal pleading standards in the federal courts embodied in Rule 8(e) and the availability of extensive discovery, courts should not freely grant motions for more definitive statements.  Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).

///

///

Indeed, a motion for a more definitive statement should be denied
unless the information sought by the moving party is not
available or is not ascertainable through discovery.  <u>Id</u>.

**ANALYSIS**

**1.    Plaintiff's Voluntary Concessions Resolve Several
        Issues Raised By Public Defendants' Motion to Dismiss.**

As stated above, in response to Public Defendants' Motion to
Dismiss, Plaintiff has conceded several issues and offers to
amend her complaint accordingly.  The Court briefly addresses
those issues here for purposes of clarification.

First, Public Defendants argue that Plaintiff's request for
injunctive relief fails because Plaintiff lacks standing and
because her claims for such relief are accordingly moot.
Plaintiff had sought injunctive relief "to prevent similar
incidents from causing unconstitutional injury and harm to
inmates, such as THEODORE ...."  (FAC p. 15, ¶ 4.).  In
opposition, Plaintiff conceded that she lacks standing as well as
the mootness of the claims for injunctive relief. (Mem. in Opp.
to State Defs.' Mot. to Dis. 2.)  The Court therefore grants
Public Defendants' Motion to Dismiss Plaintiff's claims for
injunctive relief.

Public Defendants also move to dismiss Plaintiff's claims
for liability and injunctive relief to the extent such claims
were based on violations of a Stipulation for Injunctive Relief
in <u>Plata v. Davis</u>, a class action suit in which Hayward was a
class member.  (Public Defs.' Motion Ex. E.)

8

The Second Cause of Action in Plaintiff's FAC alleges liability for policies and procedures that violated the Eighth Amendment and Defendants' failure to comply with the <u>Plata</u> stipulation. (FAC ¶¶ 4-5.) Again, Plaintiff's opposition concedes this point and expresses her intent to remove any allegations of liability under <u>Plata</u> by way of an amended pleading. (Mem. in Opp. to State Defs.' Mot. to Dis. 2.) Accordingly, the Court dismisses Plaintiff's Second Cause of Action to the extent any liability thereunder depends on alleged <u>Plata</u> violations. The cause of action nonetheless remains viable on other grounds (i.e. its allegations of violations sounding under the Eighth Amendment).

Public Defendants further point out that the FAC does not comply with California's survival statute. (Public Defs.' Motion 21.) Under California Code of Civil Procedure § 377.32, a plaintiff proceeding as a successor in interest must file a proper declaration that, among other things, provides information about the decedent, a statement that no other proceeding is currently taking place for the distribution of the decedent's estate, and whether the decedent's estate has been administered. Cal. Code of Civ. Pro. § 377.32. Plaintiff has offered to cure the defect by filing the proper declaration in satisfaction of this statute. (Mem. in Opp. to State Defs.' Mot. to Dis. 2.)

Finally, Plaintiff concedes that punitive damages would be improper, to the extent such damages were based on a California law wrongful death claim. (Mem. in Opp. to State Defs.' Mot. to Dis. 2.) Plaintiff has also agreed to amend the FAC to remove any suggestion that such relief is requested.

///

Based on these concessions by Plaintiff, and subject to the discussion below, Plaintiff is granted leave to file a Second Amended Complaint.

**2. Public Defendants' Motion to Dismiss for Failure to State a Claim for Deliberate Indifference is Denied.**

Public Defendants argue that Plaintiff's claim for an Eighth Amendment violation should be dismissed because the FAC does not allege sufficient facts to state a valid claim for which relief can be granted, and because Public Defendants are entitled to qualified immunity. (Public Defs.' Motion 9.) Both arguments fail because they require factual determinations that are not appropriate on Rule 12(b)(6) Motion to Dismiss.

Whether a defendant's conduct rises to the level of an Eighth Amendment violation is a mixed question of law and fact. Hallet v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). Under the federal practice of notice pleading, Plaintiff need not set out in detail the factual basis on which liability is alleged, but rather must give fair notice of what the plaintiff's claim is and the grounds on which liability rests. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002) (overturning the Ninth Circuit's heightened pleading standard where improper motive is an element of a cause of action for a constitutional violation).

///
///
///

To establish an Eighth Amendment violation, Plaintiff must show that Defendants were "deliberately indifferent" to Mr. Hayward's serious medical needs, and that the indifference was substantial enough to violate the United States Constitution. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). Plaintiff need not show a "complete failure to treat," because providing access to medical care is meaningless if the care rendered is not competent. Id. Rather, Plaintiff may create an issue of material fact by pleading that doctors disregarded specific evidence of medical complications and failed to provide competent care to the patient based on his medical needs. Ortiz, 884 F.2d at 1314 (holding that a plaintiff survived a motion for summary judgment for a claim against doctors who were aware of evidence of serious head trauma, but instead prescribed the patient sedatives to treat symptoms of alcohol withdrawal). However, a mere difference of opinion between medical professionals does not establish deliberate indifference. Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971).

Plaintiff's FAC sets forth sufficient allegations to state a claim for deliberate indifference. Plaintiff alleges that Mr. Hayward informed Defendants, except Defendant Dezember, that he required placement of an AICD as early as April 2006, and possibly through the date of his death on May 17, 2007. (FAC ¶ 38.) Plaintiff further alleges that Defendants refused or ignored these requests on each occasion. (FAC ¶ 40.) Based on these acts and omissions, Plaintiff alleges that Defendants were deliberately indifferent towards Hayward's medical needs. (FAC ¶ 41.)

Moreover, Plaintiff alleges that such conduct was "malicious, reckless and/or accompanied with conscious disregard of plaintiff's rights ...." (FAC ¶ 42.)

Public Defendants urge the Court to dismiss the claim by attaching a lengthy factual record that suggests denial of treatment was a mere "difference of opinion." Because Public Defendants proffer this medical evidence in the context of a Motion to Dismiss, the Court must decline to consider these materials. At this stage in the proceeding, the Court must take the factual allegations in Plaintiff's complaint as true and construe them in a light most favorable to the nonmoving party. Galbraith, 307 F.3d at 1121. The holding in Galbraith expressly precludes this Court from imposing a heightened pleading standard on Plaintiff's complaint. Id. at 1125-26. Even if the Court were to consider Public Defendants' proffered evidence, Plaintiff has filed a Statement of Evidentiary Objections that challenges the admissibility of this evidence. (Statement of Evidentiary Objections in Supp. of Mem. in Resp. to Mot. to Dismiss by Defendants 1). The Court need not address these objections, however, because the medical records will not be considered at this time. Rather, to dispose of Public Defendants' Motion to Dismiss, the Court must accept the truth of Plaintiff's allegations and determine whether, if true, those allegations state a claim for which relief can be granted. Galbraith, 307 F.3d at 1121.

///

///

///

Accepting the truth of Plaintiff's allegations, the Court finds that the FAC alleges more than a mere "difference of opinion." Plaintiff alleges that Defendants knew of Mr. Hayward's condition, that based on this condition he needed placement of an AICD, and that Defendants failed to take action to provide this medical care, while having knowledge of such need anywhere between six months and a year before Hayward's death. Thus, while it is true that "[a] difference of opinion between patient and physician, without more, does not state a claim," the complaint alleges "more" than a mere "difference of opinion." Shields, 442 F.2d at 410. These allegations, if true, establish that Defendants were aware of specific evidence of complications, but failed to provide competent medical care. Ortiz, 884 F.2d at 1314. Because this Court must assume Plaintiff's allegations to be true, Public Defendants' argument that Plaintiff failed to state a valid Eighth Amendment claim is rejected.

Public Defendants also argue that the deliberate indifference claim should be dismissed because the doctrine of qualified immunity bars liability. To determine whether qualified immunity applies, the Court must "determine: (1) what right has been violated; (2) whether that right was so 'clearly established' at the time of the incident that a reasonable officer would have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed that the alleged such conduct was unlawful." Jensen v. City of Oxnard, 145 F.3d 1078, 1085 (9th Cir. 1998).

///

///

1  Public Defendants insist the right at issue in this case was
2  not "clearly established" because the medical records show a mere
3  difference of opinion between Hayward's treating physicians.
4  (Public Defs.' Motion 12.)  Public Defendants, however,
5  misconstrue the scope of qualified immunity.  Public Defendants
6  suggest that the proper inquiry in determining whether qualified
7  immunity applies is whether Hayward's treating physicians could
8  not have reasonably known they were violating a clearly
9  established right by refusing to provide AICD treatment.  (Public
10 Defs.' Motion 21.)  However, a right is not clearly established
11 simply because "the very action in question ha[s] previously been
12 held unlawful".  Jackson v. McIntosh, 90 F. 3d 330, 332 (9th Cir.
13 1996).  Such a narrow view would "define away" virtually any
14 claim for a constitutional violation.  Id.  Rather, the
15 appropriate inquiry is whether "'[t]he right of the official is
16 alleged to have violated ... [is] made specific in regard to the
17 kind of action complained of....'"  Id. (quoting Sinaloa Lake
18 Owners Ass'n v. City of Simi Valley, 70 F.3d 1095, 1100-01 (9th
19 Cir. 1995).

20 Here, Plaintiff pleads a violation of a "clearly
21 established" right because "[i]t is settled law that deliberate
22 indifference to serious medical needs of prisoners violates the
23 Eighth Amendment."  Id. at 332.  Plaintiff's FAC alleges Public
24 Defendants violated this right by denying medically necessary
25 AICD treatment in a manner that was "malicious, reckless and/or
26 accompanied with conscious disregard" of Hayward's rights.  (FAC
27 ¶ 42.)
28 ///

14

Should Plaintiff prove the truth of these allegations, Plaintiff will show that Public Defendants should reasonably have been aware of a "clearly established" right, and that denial of said right would be unlawful.

For these reasons, Plaintiff has made sufficient allegations, which if true, establish liability of Defendants for an Eighth Amendment violation. Therefore, Public Defendants' Motion to Dismiss the First Cause of Action is denied.[4]

### 3. Plaintiff States a Valid Claim for Liability Based on the Doctrine of Respondeat Superior.

Public Defendants argue that Defendants Tilton, Mendoza-Powers, and Surya should be dismissed from the Eighth Amendment claim because the complaint only sets forth conclusory, rather than factual, allegations of liability based on respondeat superior. (Public Defs.' Motion 20.) In a § 1983 action, supervisory employees are generally not liable under the doctrine of respondeat superior. <u>Jeffers v. Gomez</u>, 267 F.3d 895, 915 (9th Cir. 2001). A supervisor will be liable only if (1) the supervisor is personally involved in the constitutional deprivation or (2) the supervisor's wrongful conduct is sufficiently connected to the constitutional violation. <u>Id</u>. at 915.

---

[4] Based on this same analysis, the Court also rejects the Private Defendants attempt to dismiss the claim for an Eighth Amendment violation on the basis that the denial of AICD treatment was "merely a difference in medical judgment." (Private Defs.' Motion at 5.)

15

Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint, however, sets forth sufficient allegations to maintain the theory of liability based on respondeat superior. The FAC alleges that Defendants Tilton and Powers held positions of authority within the CDCR, and as a result of their positions were responsible for the policies and procedures which led to the denial of Hayward's allegedly medically necessary AICD treatment. (FAC ¶¶ 16-17.) Moreover, Defendant Powers is alleged to have been responsible for training and supervising employees that failed to provide AICD treatment. (FAC ¶ 17.) Plaintiff also alleges that Defendant Surya was the Chief Medical Officer of ASP, and accordingly was directly or indirectly responsible for the denial of Hayward's care and AICD treatment. (FAC ¶ 19.) These allegations specify the behavior which Plaintiff states were a legal cause of Mr. Hayward's death. <u>Ivey</u>, 673 F.2d at 268 (requiring specific factual allegations that show a defendant's participation in unconstitutional conduct); <u>cf. Jones</u>, 733 F.2d at 649-50 (complaint for discriminatory treatment insufficient because it did not identify what specific benefits defendants had denied the plaintiff).

///
///
///
///
///

Because Plaintiff alleges that Defendants Tilton, Mendoza-Powers, and Surya held positions of authority with respect to ASP, and that these particular defendants promulgated policies and procedures at ASP which Plaintiff alleges were the legal cause of Hayward's death, the FAC provides sufficient specificity as to Defendants' alleged violation of a "clearly established" right under the Eighth Amendment. Accordingly, Defendants cannot establish they are entitled to qualified immunity at this time.

### 4. Plaintiff Substantially Complied With the California Tort Claims Act.

Public Defendants claim that the failure to name individual defendants in Plaintiff's Claim Form with VCGCB resulted in non-compliance with the California Tort Claims Act ("CTCA"). (Public Defs.' Motion 22.) California Government Code § 910(e) requires that a tort claim filed with a government agency include "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known."[5] The purpose of filing claims pursuant to the CTCA is to provide the appropriate governmental agency with notice of the claim so that the agency may conduct an adequate investigation, and settle the case in appropriate circumstances without the costs of litigation. County of Los Angeles v. Super. Ct., 159 Cal. App. 4th 353, 360 (2d Dist. 2008).

---

[5] Because Plaintiff agreed to dismiss Governor Schwarzenegger as a defendant, the Court need not address whether Plaintiff complied with the statute with respect to naming the Governor in the complaint.

Accordingly, under the doctrine of substantial compliance, the CTCA is satisfied when "(1) there is '*some* compliance with *all* of the statutory requirements'; and (2) the claim discloses sufficient information to enable the public entity to adequately investigate the merits of the claim so as to settle the claim, if appropriate." Id. (citing to <u>Phillips v. Desert Hospital Dist.</u>, 780 P.2d 349 (Cal. 1989)). Because the primary purpose of the act is to provide the government with notice of potential legal action, the "act should not be applied to snare the unwary where its purpose has been satisfied." <u>Elias v. San Bernardino County Flood Control Dist.</u>, 68 Cal. App. 3d 70, 74 (4th Dist. 1977).

Plaintiff's Claim Form mistakenly named Nick Dawson as "Warden at Avenal State Prison," when in fact the warden is Defendant Mendoza-Powers, who is named in the FAC. (Public Defs.' Motion Ex. D.) The Court finds that naming the "Warden at Avenal State Prison" constituted substantial compliance with the CTCA because the Claim Form named the correct official and would have provided sufficient information for Public Defendants to investigate the underlying facts of the case. <u>County of Los Angeles</u>, 159 Cal. App. 4th at 360. Accordingly, the FAC cannot be dismissed as against Defendant Mendoza-Powers on this basis.

With respect to Defendants Farber-Szekrenyi, Dezember, Boparai, and Surya, Plaintiff's Claim Form did not specifically name these individuals, or their official position within the ASP, CDCR, and/or CHCS. (Public Defs.' Motion Ex. D.) The Court, therefore, must determine whether Plaintiff's Claim Form substantially complied with § 910(e).

///

In _Freeman v. City of Fresno_, the plaintiff named several City Defendants in a claim form, but did not include a police officer who was later named as a defendant in the complaint. No. 05-CV-003280, 2005 WL 1378946, at *12-13 (E.D. Cal. 2005). The Eastern District applied the substantial compliance standard because the statutory requirement of § 910(e) is "flexible," and only requires defendants to be named "if known." _Id._ Under this interpretation of § 910(e), the court allowed the plaintiff to name a police officer in her complaint who was employed by the City Defendants, but not named in the tort claim. _Id._ Because the plaintiff had named the employees known to be involved, the court held that the claim form substantially complied with § 910(e), even though it did not name every single individual employed by the City Defendants who was involved in the event giving rise to the cause of action. _Id._; _see_ _also_ _Lawrence v. City of San Bernardino_, No. 04-00336, 2005 WL 5950105, at *11 (C.D. Cal. 2005) ("Plaintiffs are not required to list the identify of unknown parties.")

In the present case, Plaintiff listed the California "Dept. of Corrections" and its Secretary, as well as the "Warden at Avenal State Prison." (Public Defs.' Motion Ex. D.) Additionally, the Claim Form lists as defendants "DOES 1-100." Because Plaintiff named the employer of those treating Mr. Hayward, but not the individual names of the employees, the substantial compliance standard applies. _Freeman_, 2005 WL 1378964, at *13.

///
///

19

Similarly, the failure to list each employee involved does not require this Court to dismiss the causes of action against Defendants Farber-Szekrenyi, Dezember, Boparai, and Surya. Id. Plaintiff's FAC alleges that these individuals were acting as officers, employees, and/or agents of the public entities named in the Claim Form. Moreover, Plaintiff listed DOES 1-100 in the Claim Form, which would apprise Public Defendants that there were unknown individuals who could later be joined to the action. Thus, Public Defendants had sufficient information to investigate the underlying facts of Plaintiff's claim. County of Los Angeles, 159 Cal. App. 4th at 360. Accordingly, this Court finds that Plaintiff's Claim Form substantially complied with § 910(e).[6]

### 5. Plaintiff States a Valid Claim for Loss of Association, but Not for Loss of the Right to Parent.

Public Defendants' last contention is that Plaintiff cannot recover for loss of association and loss of the parent-child relationship under the First and Fourteenth Amendments. Both Plaintiff and Public Defendants appear to conflate these two distinct theories of liability.

///

---

[6] Lucarelli v. Dillard suggests that failure to name a defendant in a Claim Form requires dismissal. No. 05-1590, 2005 WL 2397520, at *2 (N.D. Cal. 2005). This case, however, also relied on a discrepancy in allegations between the plaintiff's tort claim and the plaintiff's complaint. Because Public Defendants do not argue that such a discrepancy exists here, the Court finds this case to be inapposite.

See <u>Strandberg v. City of Helena</u>, 791 F.2d 744, 748 n.1 (9th Cir. 1986) (distinguishing between the "right to parent" and the "right to companionship and society of the decedent"). <u>Strandberg</u> illustrates that upon the death of an adult child, there can be no liability for the loss of a right to parent. <u>Id</u>. In the Ninth Circuit, however, a parent may recover for a loss of the right to companionship and society of an adult child. <u>Id</u>.; <u>see also</u> <u>Rentz v. Spokane County</u>, 438 F. Supp. 2d 1252, 1263-64 (E.D. Wash. 2006) (citing to <u>Strandberg</u>); <u>Robertson v. Hecksel</u>, 420 F.3d 1254, 1258 (11th Cir. 2005) (citing to, and explaining, Ninth Circuit cases allowing a parent to claim loss of companionship for the loss of adult children).

Accordingly, the Court limits Plaintiff's theory of recovery for the Fifth Cause of Action to loss of companionship. The Court therefore grants Public Defendant's Motion to Dismiss the Fifth Cause of Action to the extent liability depends on loss of the right to parent, but denies Public Defendants' request to dismiss the cause of action in its entirety.

**6.  Plaintiff's First Amended Complaint Does Not Make Sufficient Allegations Against Private Defendants.**

Private Defendants filed a Motion to Dismiss on the basis that the FAC fails to state a claim upon which relief can be granted. (Private Defs.' Motion 2.) Private Defendants challenge the sufficiency of the FAC on grounds that the complaint does not allege (1) how Private Defendants were involved or connected to the complained of actions;

(2) facts showing that Private Defendants were deliberately indifferent towards a serious risk to Hayward's health; or (3) Private Defendants' personal participation in the violation of Plaintiff's rights.

In addition to arguing that Plaintiff's FAC fails to state a viable claim against them in contravention of Rule 12(b)(6), Private Defendants alternatively seek an order requiring Plaintiff to file a more definite statement, under Rule 12(e), of the grounds upon which Plaintiff asserts that the Private Defendants are liable. Because Plaintiff has conceded that a more definite statement as to such liability is in order, Private Defendants' Motion under Rule 12(e) will be granted. Pending the submission of an amended pleading, the Court declines to otherwise address the merits of Private Defendants' Motion to Dismiss.

**CONCLUSION**

For the reasons discussed above, Public Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. The Motion is granted on the issues which Plaintiff conceded, and to the extent the Fifth Cause of Action alleges liability for loss of a right to parent. Based on Plaintiff's concessions, the Court grants Plaintiff leave to file a Second Amended Complaint that removes the request for injunctive relief, allegations of liability for Plata violations, and a prayer for punitive damages under California's wrongful death statute.

///

22

To proceed under California's survival statute, Plaintiff must also file a proper declaration pursuant to Code of Civil Procedure § 377.32. In all other respects, Public Defendants' Motion to Dismiss is DENIED.

Private Defendants' Motion for a More Definite Statement is GRANTED based on Plaintiff's stipulation to file an amended complaint. Private Defendant's Motion to Dismiss is DENIED given the Court's decision to permit Plaintiff to file an amended pleading which outlines her claims against said Defendants with more specificity. Plaintiff may file that amended pleading, in compliance with the provisions of this Memorandum and Order, not later than twenty (20) days following the date said Memorandum and Order is filed.

IT IS SO ORDERED.

Dated: March 11, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE